# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0597V

| | |
|---|---|
| CYNTHIA CRIDER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2024 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Lara A. Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Cynthia Crider filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right-sided shoulder injury related to vaccine administration due to a vaccine she received on September 25, 2019. Petition, ECF No. 1. On November 6, 2023, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,757.22 (representing $32,300.70 for fees and $1,456.52 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Nov. 17, 2023, ECF No. 45. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the Motion on Dec. 1, 2023, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs have been met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No.46. Petitioner did not file a reply thereafter.

Having reviewed of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The requested hourly rates for work performed in this matter are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. In addition, Mr. Zgheib properly bills time spent performing tasks that are typically performed by a paralegal using a lower rate. However, there are some small adjustments that need to be made to the total award.[3]

For example, Petitioner billed time spent dismissing a second petition erroneously filed in 21-0717V Crider for her same SIRVA injury, and for reviewing the subsequent orders dismissing the case and denying reimbursement of the filing fee in that case. ECF No. 45-1 at 5 (three billing entries on 1/28/2021 and two entries on 1/29/2021). These entries total 1.3 hours billed at hourly rates of $172, $285, and $300. *Id.* Although an award of attorney's fees and costs would likely not be awarded in the later-filed claim (21-0717V Crider) due to a lack of reasonable basis, Petitioner should have sought reimbursement for that case's work *solely* in the context of that matter. And even if this time were appropriately included in the attorney's fees requested in this case, I would not authorize the application of Program funds toward time spent in error by counsel. Thus, I will reduce the amount of attorney's fees awarded in this case by the amount requested for these tasks, **$365.20.**

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs, ECF No. 57-3. And Respondent offered no specific objection to the rates or amounts sought. Thus, I will award all costs sought.

---

[3] I also note that this case required additional briefing regarding the issue of entitlement. See Petitioner's Motion for a Ruling on the Record, filed Dec. 22, 2022, ECF No. 30; Petitioner's Reply to Respondent's Response to Motion for Ruling on the Record, filed on Mar. 9, 2023, ECF No. 34. Petitioner's counsel expended approximately 15.0 hours drafting the motion for a ruling on the record, and 12.0 hours drafting the reply, for a combined total of 27 hours. ECF No. 45-1. Although on the higher end of time expended preparing a motion for a ruling on the record regarding entitlement in a case involving a SIRVA, I find this amount of time to be reasonable and will award the fees requested for this time.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $33,392.02 (representing $31,935.50 for fees and $1,456.52 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jimmy A. Zgheib.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.